### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

<table>
<tr><td>

PAUL SONNI,

     Petitioner,

  v.

UNITED STATES OF AMERICA,

     Respondent.

</td><td>

HONORABLE JOSEPH E. IRENAS

CIVIL ACTION No. 10-3746 (JEI)

**OPINION**

</td></tr>
</table>

PAUL SONNI, Petitioner *pro se*
Prisoner No. 28861-050
Adams CCC
P.O. Box 1600
Washington, Mississippi 39190

PAUL J. FISHMAN, UNITED STATES ATTORNEY
By: Lee Vartan, Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
    Counsel for Respondent

**IRENAS**, Senior District Judge:

Before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  For the reasons set forth below, this Court will deny Petitioner's Motion.

### I.

On July 22, 2008, Paul Sonni ("Petitioner") pled guilty pursuant to a plea agreement to a one-count information for conspiring to distribute one kilogram or more of heroin. Petitioner's plea agreement included, *inter alia*, a waiver of his

1

right to file a motion under 28 U.S.C. § 2255 if his sentence was at or below the range that results from a Guidelines offense level of 29. On July 21, 2009, this Court sentenced Petitioner to 78 months of imprisonment and five years of supervised release. The agreed-upon Guidelines offense level of 29 called for imprisonment between 87 to 108 months.

On July 16, 2010, Petitioner mailed the instant Motion, which was filed with the Court on July 26, 2010.

## II.

Section 2255 provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *see also* Rules Governing § 2255 Cases, Rule 1(a). Thus, Petitioner is entitled to relief only if he can establish that he is in custody in violation of federal law or the Constitution.

## III.

Petitioner seeks to vacate his federal sentence on the grounds that his counsel was constitutionally deficient by failing to

> ask the Court to consider the factors set forth
> in 18 U.S.C. § 3553(a)(6) as to avoid sentence
> disparities among defendants wherein in a similar
> case a U.S. citizen who is equally culpable of
> the same offense and received identical assigned
> guideline base offense level serves less time in
> prison because he is eligible to serve a portion
> of his sentence at a...minimum facility, in half-
> way house, and eligible to a sentence reduction
> upon the successful completion of drug and
> alcohol programs [sic].[1]

(Pet.'s Memo at 5)

The United States opposes Petitioner's § 2255 Motion, arguing that Petitioner waived his right to collaterally attack his sentence in a plea agreement that was entered knowingly and voluntarily.

The Court will first address the merits of Petitioner's § 2255 Motion before turning to the issue of waiver.

**A.**

Petitioner's ineffective assistance of counsel claim stems from counsel's alleged failure to call this Court's attention to the fact that, as an alien, Petitioner is not eligible to serve a portion of his sentence in a half-way house or a minimum security prison,[2] and may not obtain a sentence reduction pursuant to the

---

[1] 18 U.S.C. § 3553(a)(6) provides that the court shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

[2] Pursuant to 18 U.S.C. § 3624(c), the Bureau of Prisons ("BOP") may afford a prisoner the opportunity to spend "the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months" in a "community correctional facility."

Residential Drug Treatment Program (RDAP), the successful completion of which could result in a sentence reduction of up to 12 months.  *See* 18 U.S.C. § 3621(e)(2)(B).

To sustain a claim of ineffective counsel, Petitioner must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, he must show that his counsel's representation "fell below an objective standard of reasonableness."  *Id.* at 688.  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and a presumption that counsel's actions "might be considered sound trial strategy."  *Id.* at 689.  Second, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

Regarding prong one, the Court finds no evidence that counsel's performance was deficient.  Counsel argued effectively at sentencing on behalf of Petitioner, and Petitioner was sentenced nine months below the advisory range.  After reviewing the record, the Court finds no basis for holding that defense counsel's performance was objectively unreasonable.

Alternatively, even if the Court assumes *arguendo* that defense counsel's performance was objectively unreasonable, there is no reasonable probability that Petitioner's sentence would

---

*See* 18 U.S.C. § 3624(c)(1)-(2).

have been different.  Petitioner essentially argues that but for counsel's performance his sentence would have been reduced because of his inability to serve a portion of his time in a half-way house or obtain a sentence reduction pursuant to RDAP.[3] However, the place of confinement and sentence reductions pursuant to RDAP are not determinations for this Court to make and therefore are not properly considered during sentencing.[4] *See* 18 U.S.C. § 3621(b)("The Bureau of Prisons shall designate the place of the prisoner's imprisonment."); *see also Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 249 (3d Cir. 2005)(holding that BOP has discretion to place inmate in half-way house based on the factors set out in 18 U.S.C. 3621(b)); *see* 18 U.S.C. § 3621(e)(2)(B)("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may be reduced by the Bureau of Prisons*....")(emphasis added).

---

[3]  According to 28 C.F.R. § 550.55(b)(1), as an "Immigration and Customs Enforcement detainee[]," Petitioner is ineligible for early release pursuant to RDAP.

[4]  To the extent that Petitioner is arguing that his sentence is substantively unreasonable due to the disparity between a similarly situated U.S. citizen who may be granted a sentence reduction pursuant to RDAP and an alien who is ineligible for the sentence reduction, this argument fails. Disparities in sentences resulting from RDAP are not unwarranted disparities and are instead inherent in the legislative program that grants the BOP discretionary authority with respect to sentence reductions under the program.  *See* 18 U.S.C. § 3621(e)(2)(B); *see also U.S. v. Smith*, 474 F.3d 888, 895 (6th Cir. 2007).

Petitioner has not shown that his counsel's representation was constitutionally unreasonable, and there is no reasonable probability that Petitioner's sentence would have been different. Accordingly, Petitioner's § 2255 Motion must be denied without an evidentiary hearing.

**B.**

Alternatively, Petitioner's claims fail because he expressly waived his right to bring a § 2255 Motion. Petitioner's plea agreement provided:

> Paul Sonni knows that he has and, except as noted below in this paragraph, voluntarily waives [sic], the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 29.

(Plea Agreement, Schedule A ¶ 13)

The district court will enforce a waiver of the right to appeal and collaterally attack a sentence in a plea agreement when (1) the waiver was entered into knowingly and voluntarily, and (2) enforcing the waiver will not work a miscarriage of justice. *U.S. v. Mabry,* 536 F.3d 231, 237-38 (3d Cir. 2008), *cert. denied*, 129 S.Ct. 2789 (2009).

Here, the Court finds that Petitioner's waiver was knowing and voluntary, and Petitioner has not proffered evidence otherwise. With respect to the second prong of the waiver

6

analysis, nothing in the record before the Court suggests that enforcing the waiver would work as a miscarriage of justice.  As already discussed, Petitioner's claims lack merit.

Accordingly, Petitioner's § 2255 Motion is barred by the valid waiver contained in the plea agreement, and Petitioner's Motion must be dismissed.

**IV.**

For the reasons stated above, Petitioner's Motion pursuant to § 2255 will be denied.  An appropriate Order accompanies this Opinion.

Dated: November 22, 2010

s/Joseph E. Irenas
**JOSEPH E. IRENAS, S.U.S.D.J.**

7